

Mark Decker
James M. Vonau
David L. Lackey
James D. Viets
James P. Seguin

**DECKER VONAU**

Decker, Vonau, Seguin, Lackey & Viets Co., LPA
*A Legal Professional Association*

Steven V. Miller
Jodelle N. Stranges
Brant K. Rhoad
Jennifer K. McEowen*
*of counsel:*
Robert J. Morje
*Licensed in Ohio and Texas



February 7, 2005

Stuart W. Harris, Esquire
Kegler, Brown, Hill & Ritter
65 E. State Street, Suite 1800
Columbus, Ohio 43215-4294

      RE:    Your Client: Southern Electric Supply Co., Inc. d/b/a Rexel Elgee, Inc.
             Projects: Honda of America Manufacturing Co., Building #7 (Expansion) & Building #9 New Construction

Dear Mr. Harris:

      The purpose of this letter is to respond to your request for a formal opinion as to the actions and recommendations of Lienguard, Inc. as they apply to your client Southern Electric Supply Co., Inc. d/b/a Rexel Elgee, Inc., "Rexel," on two projects at the Marysville Honda Plant. With that in mind, I have reviewed the memorandum you prepared for me dated November 18, 2004, its exhibits, and the additional documents that you sent to me by fax on December 2, 2004, which included Lienguard's letter to Rexel dated January 7, 2003 and the accompanying fee schedule. I have also reviewed and examined the cross motions for summary judgment and accompanying exhibits that were filed in Union County Common Pleas Court Case No. 2004 CV 0094 by your client as the Plaintiff and Rudolph/Libbe as a defendant.

      There are numerous exhibits attached to the various pleadings and your memorandum, but I believe that I need only refer to and discuss four as they apply to your request for an opinion. I will identify them here and attach additional copies as my own exhibits. They are as follows: A) The Notice of Commencement prepared and recorded by Honda R&D Americas, Inc. dated January 2, 2002, for the expansion of Building #7; B) The Notice of Commencement prepared and recorded by Honda R & D Americas, Inc. for the construction of Building #9 dated and recorded on May 15, 2002; C) The Notice of Furnishing prepared for Rexel that was signed by Alan H. Popper, dated May 3rd 2002 (marked exhibit 4 for other reasons); and D) The fax letter sent to Kathy Compton from Janis of Lienguard, Inc. dated October 16, 2002.

**EXHIBIT 1**

Stuart W. Harris, Esq.
Page 2 of 4
February 7, 2005

      One of the issues that apparently did not come up in the litigation as of the date of settlement was the validity and effectiveness of the Notice of Furnishing, Exhibit C, that was signed and sent by Lienguard. Under Ohio Law the owner of the **improvement** is the owner who is to receive the Notice of Furnishing. They are the ones who are burdened by the statutes with the obligation to prepare and record a Notice of Commencement for the improvement. [O.R.C. §1311.04(A)(1)]. In this case, the owner of the improvement is the contracting party and the entity who signed the Notice of Commencement, Honda R&D Americas, Inc. Rexel's Notice of Furnishing should have been sent to Honda R&D Americas, Inc. and not Honda of America Manufacturing Co. While I cannot be certain, it appears that Honda of America Manufacturing Co. is the owner of the real property on which the improvement was to be built, and that Honda R&D Americas, Inc. was a tenant or lessee. One thing is clear from the Notice of Commencement, Honda R&D Americas, Inc. had contracted for the improvement and was in contract with Rudolph/Libbe, Inc., one of the original contractors. Under Ohio law, the reference to the fee owner when the contracting party is not the fee owner is only for purposes of putting potential lien claimants on notice that any lien will not extend to the interests of the owner of the real property. [See O.R.C. §1311.09(A)(1) and O.R.C. §1311.10(A)]. Please note that the address of the real property owner and the address of the improvement owner are also different.

      I believe that this was not an effective Notice of Furnishing, and I am surprised that the attorneys representing Rudolph/Libbe did not assert the failure to properly serve a Notice of Furnishing upon the owner of the improvement as a defense to the first lien.

      Now as to the main issue, the fax letter from Janis, exhibit D, appears to be advising Kathy at Rexel **not** to prepare and serve a Notice of Furnishing upon the second project involving the construction of a new building, referred to as Building #9. The reason given is that the first Notice of Furnishing covers all subsequent shipments to the Honda facility. I do not understand the reasoning or the conclusion. <u>I believe it is absolutely and unequivocally wrong.</u> Either Janis did not realize that a second project had been started, or she totally misunderstands Ohio law on the subject of Mechanics' Liens. Either way she gave the clients bad advice and caused you to argue what I believe was an untenable position in your efforts to recover payment for materials delivered to the second project.

      Mechanics' Liens are creatures of statute. They do not exist in common law. Therefore, if the lien does not fit the requirements as outlined in the statue the lien either does not exist or is invalid. The right to file a Mechanics' Lien on an improvement to privately owned real estate is embodied in O.R.C. §1311.02. As I read it, the statute has five elements or requirements, the most important of which is that there must be a contract with the owner, part owner or lessee of an interest in real estate that can be traced in whole or partially to the lien claimant. Said in the reverse, the lien claimant must prove that its work was performed or materials were provided or both pursuant to a contract that can be traced back to the owner of the improvement. In other statutes, as I have discussed above, we learn the limitations on the lien when the "Owner" is only a "part owner or lessee of an interest in real estate..." For purposes of this discussion, the important item is the contract. Therefore, as long as

Stuart W. Harris, Esq.
Page 3 of 4
February 7, 2005

there are separate contracts and separate improvements there are separate lien rights and the need to preserve the separate lien rights. We both separate improvements and separate contracts in this set of facts. I do not know of any provision in any of the Mechanics' Lien statutes that would limit the number of improvements that can take place at any one time on a specific parcel or set of parcels of real property. In fact, it is my opinion that if the contracting party can identify the improvements as separate and distinct improvements, the number of improvements that can take place on specific real property is unlimited. Therefore the number of lien rights to be preserved is unlimited. Additionally, each lien right for each improvement must be identified and preserved separately.

In this case there were two improvements identified as such in two Notices of Commencement prepared and recorded by the contracting party. There were, therefore, two liens to protect. A Notice of Furnishing should have been prepared and served for each project. It is clear that the Notice of Furnishing that was sent by Lienguard on behalf of Rexel applied to the expansion of building #7 because the second Notice of Commencement, involving the construction of Building #9, was not prepared as of May 3rd 2002, the date of the Notice of Furnishing. Please note that the Notice of Commencement for the new construction of Building #9 was signed on May 15th, 2002. As it stands, the Notice of Furnishing that was sent applied only to materials provided for the improvement identified as the expansion of Building #7.

Lienguard cannot rely upon either O.R.C. §1311.12(D) or O.R.C. §1311.08, because your client Rexel knew there were two improvements. The purchase orders they received from Superior Electric easily identified the projects and indicated which materials were purchased for each of the two improvements.

Ohio law clearly specifies that any lien claimant providing materials to an improvement after the recording of a Notice of Commencement for the improvement **must** serve a Notice of Furnishing for that improvement in order to preserve lien rights. (O.R.C. §1311.04 and O.R.C. §1311.05). Rexel did not serve the owner of the improvement with a Notice of Furnishing for the second improvement. Rexel lost its right to file the second lien. It was only through some imaginative thinking on your part that the second lien was filed and you were able to negotiate a reasonable settlement on the second lien. Your efforts had the effect of mitigating Rexel's damages, but I must admit that I would not have filed the second lien had the decision been mine. I believe all of the legal fees incurred by Rexel during your recent litigation over the validity of the liens should be offset against the amount of your settlement, as costs that would not have been necessary had Lienguard done its job properly. Let me remind you that the Notice of Furnishing that was prepared by Lienguard was defective in that it was not sent to the contracting party. I would have expected to see an argument concerning its validity at some time during the litigation had it proceeded.

You also asked me to express my opinion concerning the standard within the legal community as to Lienguard's advice to Rexel. As I stated earlier, it was wrong, but more importantly, it was what I refer to as, "picking a fight". For the sake of saving the cost of a second Notice of Furnishing, Lienguard, after being asked by its client to prepare and send a Notice of

Stuart W. Harris, Esq.
Page 4 of 4
February 7, 2005

Furnishing, declined to do so because they thought Ohio law did not require one. No attorney who practices Mechanics' Lien law in Ohio would have given Rexel that advice. Lienguard was literally betting that they were right in their interpretation of Ohio law in order to save the cost of one certified mail. That was a very bad bet with even worse odds. There is no logic or rationale that justifies Lienguard's position. They literally challenged Honda and Rudolph Libbe to a duel, using Rexel as their shield. Rexel was guaranteed by the Lienguard response to have to fight to enforce their lien no matter what. Lienguard put them in the position of having to fight uphill against the legal position, as expressed in the Notice of Commencement, of the owner. Assume for a moment that the owner was wrong and Lienguard was right. Rexel would still have had to prove their position in court before the owner would have paid the lien. Putting your client in the position of having to prove in court that your interpretation of the law is right is what I mean by "picking a fight". Lienguard could have avoided the entire fight had they just prepared and sent the second Notice of Furnishing. For a couple of dollars, they cost Rexel tens of thousands. It does not make sense and is the very poor practice of law.

Worse, they were betting in a high stakes game and they were using your client's money. Who in their right mind would challenge the owner of this improvement to a battle over the effect of the Ohio statutes, when a simple Notice of Furnishing sent to the right parties by certified mail would have made the issue moot? In answer to your question, I do not believe any attorney in Ohio would have taken the position that Lienguard took on this matter. Lienguard had a request for a Notice of Furnishing. Lienguard had both Notices of Commencement. They had no reason to "pick this fight". Lienguard should have prepared and sent the second Notice of Furnishing. Anything less falls below the acts of reasonable individuals, let alone the standard of practice in Ohio on Mechanics' Lien matters. It is a simple issue of cost versus benefit. The cost of a Notice of Furnishing is nothing compared to the cost of the legal battle that Lienguard created. Therefore, even if Lienguard had a legal basis for refusing to prepare a Notice of Furnishing for the second improvement they still should have prepared and sent one in order to avoid "picking a fight".

I hope this letter satisfies your request for my opinion in this matter. I have taken the liberty of sending you a copy of my curriculum vitae in an effort to substantiate my right to form an opinion on matters involving Ohio's Mechanics' Lien statutes and the practice of law as it applies to Mechanics' Liens.

If you have any questions or comments, feel free to give me a call.

Sincerely,

Mark Decker

MD/sr
Enclosures

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____

Southern Electric Supply Company

V.

Lienguard, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C2 05 442

TO: Mark Decker,
Decker, Vonau, Sequin, Lackey, & Viets Co., LPA
620 East Broad Street
Columbus, Ohio 43215

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Duces Tecum

| PLACE | DATE AND TIME |
|---|---|
| Janik & Dorman, 9200 South Hills Blvd., Suite 300, Cleveland, Ohio 44147 | September 2, 2005 @ 1:00 p.m |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | August 18, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Mark Kremser, Janik & Dorman, 9200 South Hills Blvd., Suite 300, Cleveland, Ohio 44147 (440) 838-7600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT 2**

Said deponent is instructed to produce the following documents:

1. All documents, records, and tangible things relating to Southern Electric Supply Co., d/b/a/ Rexel Elgee, Inc., Lienguard, Allan Popper, Honda of America Manufacturing Co. Building #7 Expansion, Honda of America Manufacturing Co. Building #9 Construction, and/or any issue in this case;

2. All documents and/or data that you considered in forming your opinions relative to Southern Electric Supply Co., d/b/a/ Rexel Elgee, Inc., Lienguard, Allan Popper, Honda of America Manufacturing Co. Building #7 Expansion, Honda of America Manufacturing Co. Building #9 Construction and/or any issue in this case;

3. All records reflecting your income derived from any attorneys and/or law firms assisting them in any legal and/or potential legal proceeding in the last four years;

4. Your qualifications, including a curriculum vitae, and a list of all publications that you have authored within the proceeding 10 years;

5. A list of the case caption of every lawsuit in which you have served in any capacity as a consultant and/or expert witness over the last 4 years;

6. A list of the names, addresses, and phone numbers of every attorney that has retained you to serve as an expert witness and/or consultant over the last 4 years;

7. A schedule depicting the income you have earned as an expert witness in any legal proceeding over the last 4 years, exclusive of your involvement of this case;

8. Any and all documents transmitted between you and plaintiff Southern Electric Supply Co., d/b/a/ Rexel Elgee, Inc., and/or its representatives;

9. A schedule showing your compensation in this case.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 8/19/05 | 620 E. BROAD |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| MARK DECKER | HAND TO HAND |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| ROBERT ANDERSON | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  8/19/05
DATE

*Robert Anderson*
SIGNATURE OF SERVER

ADDRESS OF SERVER
McGinnis & Associates, Inc.
ATTN: SUBPOENA PROCESSING
175 South Third Street
Columbus, Ohio 43215-5134

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

JOHN P. BRODY
ROBERT G. COHEN
KENNETH R. COOKSON
LAWRENCE F. FEHELEY
DONALD W. GREGORY
ALLEN L. HANDLAN
PAUL R. HESS
THOMAS W. HILL
CHARLES J. KEGLER
TODD M. KEGLER
R. KEVIN KERNS
HELEN MAC MURRAY
DAVID M. McCARTY

LARRY J. McCLATCHEY
PAUL D. RITTER, JR.
RICHARD W. SCHUERMANN, JR.
ROBERT G. SCHULER
S. MARTIJN STEGER
GEOFFREY STERN
ROGER P. SUGARMAN
KEVIN L. SYKES
JOHN R. THOMAS
TIMOTHY T. TULLIS
CHRISTOPHER J. WEBER
MELVIN D. WEINSTEIN
MICHAEL B. ZATEZALO

# KEGLER BROWN
# HILL & RITTER
A LEGAL PROFESSIONAL ASSOCIATION

STEPHEN C. BARSOTTI
MARY F. BRENNING
STEWART H. CUPPS
EVE M. ELLINGER
LORIANN E. FUHRER
DAVID T. GRAHAM
ADAM J. HALL
STUART W. HARRIS
RASHEEDA Z. KHAN
JOHN LOWE, IV
JENNIFER L. MACKANOS
TRACI A. McGUIRE
VINITA B. MEHRA
CAMILLE A. MILLER
JAYME P. MOORE
ANGELA C. PARSONS
JEFFREY D. PORTER
ANNE D. POUGET

REBECCA R. PRICE
MARK R. REITZ
STEPHANIE P. UNION
NICHOLAS E. WILKES
MICHELE S. WOROBIEC*

OF COUNSEL
CHARLES R. DYAS, JR.
THOMAS D. KITCH
ROBERT D. MAROTTA
TED M. McKINNISS*
RANDALL W. MIKES
S. MICHAEL MILLER
MICHELE A. SHUSTER
PATSY A. THOMAS

*Resident in Marion Office

August 24, 2005

*Via Facsimile (440) 838-7601*
*and U.S. Mail*

Mark E. Kremser, Esq.
Janik & Dorman, L.L.P.
9200 South Hills Boulevard, Suite 300
Cleveland, OH 44147-3521

    Re:    Southern Electric Supply Company, Inc. dba Rexel Elgee, Inc. v. Lienguard, Inc., et al., Case No. C2 05 442

Dear Mark:

    I am in receipt of your subpoena to our expert, Mark Decker, in the above-captioned case. In the future, it will be more productive to reach an accord on potential dates for purposes of depositions in this case. The date that you have requested in the subpoena of September 2, 2005, is not a good date for Mark Decker or for myself. Accordingly, we will have to pick another date. Next, the deposition will have to occur in Columbus, Ohio. I think that if you look at the case law on this issue, the rules require depositions to be at the place where the individual or expert resides or the location of the lawsuit and not at the location of the defendant's lawyer. If you have alternative authority that contradicts this, please supply that to me at your earliest convenience -- and I will review it and respond accordingly.

    Next, with regard to the documents you have requested, in a conversation I had with Mark Decker (who advised me of the subpoena on Friday, August 19, 2005 prior to my receipt of the subpoena here at my office), I understand from Mr. Decker that he does not maintain records according to the categories of some of your requests. Additionally, many of the requests are burdensome and not relevant to the issues in this case. I believe we should discuss that in greater detail or have a conversation with Magistrate Judge Kemp to resolve it.

    Please give me a call so that we can discuss these issues and resolve them and continue to move forward in this case in an amicable fashion. I look forward to discussing with you in greater detail.

102651.7/#592274 v1

Capitol Square • Suite 1800 • 65 East State Street • Columbus, Ohio 43215-4294
Telephone: (614) 462-5400 • Facsimile: (614) 464-2634 • www.keglerbrown.com

**EXHIBIT 3**

# KEGLER BROWN
## HILL & RITTER
A LEGAL PROFESSIONAL ASSOCIATION

August 24, 2005
Page 2

Very truly yours,

*Stuart W. Harris/tlg*

Stuart W. Harris

SWH/tlg

cc:  Donald W. Gregory, Esq.

102651.7/0592274 v1

Capitol Square • Suite 1800 • 65 East State Street • Columbus, Ohio 43215-4294
Telephone: (614) 462-5400 • Facsimile: (614) 464-2634 • www.keglerbrown.com

# KEGLER BROWN
# HILL & RITTER
A LEGAL PROFESSIONAL ASSOCIATION

## FACSIMILE COVER SHEET

| | | | |
|---|---|---|---|
| **To:** | Mark E. Kremser, Esq. | **Fax No:** | (440) 838-7601 |
| **cc:** | | **cc fax no:** | |
| **From:** | Stuart W. Harris, Esq. | **Date:** | August 24, 2005 |
| **Client:** | Rexel Elgee | **Time:** | 1:54 PM |
| **Client No:** | 102651.7 | **Total Pages:** | 3 |
| **Phone No:** | | | |

• Urgent          x• For Review          • Please Reply

MESSAGE: Original will follow.

Please notify Theresa Griffith at extension 293 if there is a problem receiving a complete fax.

The information contained in this facsimile message is privileged and confidential information intended for the use of the addressee listed above and no one else. If you are not the intended recipient or the employee or agent responsible to deliver this message to the intended recipient, please do not use this transmission in any way, but contact the sender by telephone.

Capitol Square • Suite 1800 • 65 East State Street • Columbus, Ohio 43215-4294
Telephone: (614) 462-5400 • Facsimile (614) 464-2634 • www.keglerbrown.com

Error! Unknown document property name.