# JANIK & DORMAN, L.L.P.

## Attorneys at Law

9200 South Hills Boulevard ♦ Suite 300 ♦ Cleveland, Ohio 44147-3521
(440) 838-7600 ♦ Facsimile (440) 838-7601
Email ♦ Mark.Kremser@Janiklaw.com

Direct Dial
(440) 740-3090

August 26, 2005

Stuart W. Harris, Esq.
Kegler, Brown, Hill & Ritter
65 E. State Street
Columbus, OH  43215-4294

> Re:     *Southern Electric Supply Company, Inc. d/b/a Rexel Elgee, Inc. v.
>             Lienguard, Inc., et al.*
>        **United States District Court, Southern District, Eastern Division**
>        **Case No. C2 05 442**

Dear Mr. Harris:

I apologize for the formality of responding to you in this manner, but I have been out of the office and unavailable to call you. I am in receipt of your letter of August 24, 2005 regarding the records deposition of Mr. Decker scheduled for September 2, 2005. Both the notice and the subpoena reflect that this is a records deposition only and that no testimony will be elicited. Accordingly, your concerns about the date and location of the deposition are unwarranted. Mr. Decker may simply forward certified records.

It is difficult for me to address your professed concerns about the scope of the duces tecum since you failed to specify which designations you believe are inappropriate. I think it is premature to involve the court before we make a good faith effort to resolve these issues. Please identify which designations you believe are problematic so that I can meaningfully address your concerns.

In the meantime, I was troubled by many of plaintiff's responses to defendant's request for admissions. Many of your responses suggest the existence of records and evidence that has not yet been disclosed in these proceedings. For instance, your responses reflect that plaintiff had direct communications with Mr. Popper. Please identify the dates of those communications, the persons who participated, and all documents which reflect those communications. In addition, I have yet to see any documentation that establishes Plaintiff's alleged damages. Please forward those records so that we can proceed with scheduling Plaintiff's deposition.

Finally, I have no objection to your request for additional time to submit a settlement demand. I do find it curious, however, that you did not request the additional time *prior* to the date when your demand was due.

Very truly yours,

Mark E. Kremser

cc:     Thomas Rosenberg

{00062588; v1; 0753-0006; SLC}

**EXHIBIT 4**

# JANIK & DORMAN, L.L.P.

## Attorneys At Law

9200 South Hills Boulevard • Suite 300 • Cleveland, OH 44147-3521
(440) 838-7600 • Fax (440) 838-7601
Email Mark.Kremser@Janiklaw.com

Direct Dial
(440) 740-3090

September 6, 2005

**Via Facsimile Only**
Stuart W. Harris, Esq.
Kegler, Brown, Hill & Ritter
65 E. State Street
Columbus, OH  43215-4294

> **Re:**   *Southern Electric Supply Company, Inc. d/b/a Rexel Elgee, Inc.*
> *v. Lienguard, Inc., et al.*
> **In the United States District Court, Southern District, Dayton, Ohio**
> **Case No.:  C2 05 442**
> **Honorable John D. Holschuh / Magistrate Judge Kemp**
> **J&D File:  753-6**

Dear Mr. Harris:

As you know, a Subpoena Duces Tecum was issued to plaintiff's expert Mark Decker which required him to produce records on or before September 2, 2005.  Mr. Decker has failed to comply with that subpoena.  Accordingly, I believe Mr. Decker is in contempt.

Please call me so that we can attempt to resolve this dispute without the need for court intervention.  If you fail to respond, I will assume that you have no interest in resolving this dispute in good faith, and will act accordingly.

Thank you for your attention to this matter.

Very truly yours,

Mark E. Kremser

MEK/sk

cc:    Thomas L. Rosenberg

{00064420; v1; 0753-0006; SK}

**EXHBIT 5**

JOHN P. BRODY
ROBERT O. COHEN
KENNETH R. COOKSON
LAWRENCE F. FEHELEY
DONALD W. GREGORY
ALLEN L. HANDLAN
PAUL R. HESS
THOMAS W. HILL
DANIEL G. HILSON
CHARLES J. KEGLER
TODD M. KEOLER
R. KEVIN KERNS
HELEN MAC MURRAY

DAVID M. McCARTY
LARRY J. McCLATCHEY
PAUL D. RITTER, JR.
RICHARD W. SCHUERMANN, JR.
ROBERT O. SCHULER
S. MARTIJN STEGER
GEOFFREY STERN
ROGER P. SUGARMAN
KEVIN L. SYKES
JOHN R. THOMAS
TIMOTHY T. TULLIS
CHRISTOPHER J. WEBER
MELVIN D. WEINSTEIN
MICHAEL E. ZATEZALO

STEPHEN C. BARSOTTI
MARY F. BRENNING
STEWART H. CUPPS
E. ROD DAVISSON
EVE M. ELLINGER
LORIANN E. FUHRER
DAVID T. GRAHAM
ADAM J. HALL
STUART W. HARRIS
MELISSA R. HOEFFEL
RASHEEDA Z. KHAN
JOHN LOWE, IV
JENNIFER L. MACKANOS
TRACI A. McGUIRE
VINITA B. MEHRA
CAMILLE A. MILLER
JAYME P. MOORE
ANGELA G. PARSONS
JEFFREY D. PORTER

ANNE D. POUGET
REBECCA R. PRICE
MARK R. REITZ
MALINDA L. SUSALLA
STEPHANIE F. UNION
NICHOLAS E. WILKES
MICHELE S. WOROBIEC*

OF COUNSEL
CHARLES R. DYAS, JR.
THOMAS D. KITCH
ROBERT D. MAROTTA
TED M. McKINNISS*
RANDALL W. MIKES
S. MICHAEL MILLER
MICHELE A. SHUSTER
PATSY A. THOMAS

*Resident in Marion Office



# KEGLER BROWN
# HILL & RITTER

— A LEGAL PROFESSIONAL ASSOCIATION —

September 8, 2005

_**Via Facsimile Only (440) 838-7601**_

Mark E. Kremser, Esq.
Janik & Dorman, L.L.P.
9200 South Hills Boulevard, Suite 300
Cleveland, OH 44147-3521

> Re:   Southern Electric Supply Company, Inc. dba Rexel Elgee, Inc. v. Lienguard,
>       Inc., et al., Case No. C2 05 442

Dear Mark:

With regard to your two faxed letters of September 6 2005, I respond to both in this letter. First, with regard to the subpoena _duces tecum_ issued to Plaintiff's expert Mark Decker, I wrote a letter back to you containing several problems with your subpoena to which you responded with generalities. Accordingly, please find a letter from our expert specifically addressing many of the issues that you have raised in the previous letter and the letter of September 6, 2005. After you have had a chance to review Mr. Decker's letter, please call me and we can discuss it. I will not be able to discuss this with you on September 7 and 8 as I am in an arbitration, but I will look forward to discussing this with you on Friday, September 9.

With regard to your second letter of September 6, 2005, we are in the process of assembling the documents that we indicated would be produced at a mutually convenient time and will provide those to you accordingly. Additionally, the responses that I have provided to your discovery requests are accurate and in compliance with the rules. Many of the interrogatories that you asked are to be addressed in a deposition and/or with review of the documents with a particular deponent.

I do take seriously my duty to attempt to resolve discovery disputes and hope to do so with you as I indicated on or around September 9, 2005. Please provide me with an available time for purposes of that discussion.

I look forward to resolving these issues with you as soon as I complete this arbitration.

102951.7/#594365 v1

**EXHIBIT 6**

# KEGLER BROWN
# HILL & RITTER
### A LEGAL PROFESSIONAL ASSOCIATION

September 8, 2005
Page 2

Very truly yours,

***Dictated but not reviewed***

Stuart W. Harris

SWH/tlg

Enclosure

cc:     Mark Decker, Esq., Via Facsimile Only
        Thomas L. Rosenberg, Esq., Via Facsimile Only

102651.7/#594385 v1

Capitol Square • Suite 1800 • 65 East State Street • Columbus, Ohio 43215-4294
Telephone: (614) 462-5400 • Facsimile: (614) 464-2634 • www.keglerbrown.com



| Mark Decker | **DECKER VONAU** | Brant K. Rhoad |
|---|---|---|
| James M. Vonau | Decker, Vonau, Seguin, Lackey & Viets Co., LPA | Michael S. Probst |
| David L. Lackey | A Legal Professional Association | *of counsel:* |
| James D. Viets | | Robert J. Morje |
| James P. Seguin | | |

August 24, 2005

<u>**VIA FACSIMILE: 464-2634**</u>
<u>**AND ORDINARY U.S. MAIL**</u>

Stuart W. Harris, Esquire
Kegler, Brown, Hill & Ritter
65 E. State Street, Suite 1800
Columbus, Ohio 43215-4294

      RE: Your Client: Southern Electric Supply Co., Inc.
         d/b/a Rexel Elgee, Inc.
         Projects: Honda of America Manufacturing Co.,
         Building #7 (Expansion) & Building #9 New
         Construction

Dear Stu:

The purpose of this letter is to follow-up our recent telephone conversation concerning the Subpoena I received on August 19, 2005. The Subpoena was from Mark Kremser of Janik & Dorman.

First of all, I was surprised to see a Subpoena issued in this matter. It is my understanding that practice of law involves courteous treatment of fellow counsel. I am surprised that the attorneys involved did not discuss their schedules and the schedules of the witness in order to arrange for a mutually convenient time for a deposition. Second, if there is any traveling to be done, I expect to be compensated my full testimony fee of $300.00 per hour for travel time and deposition time. If anyone wants me to go to Cleveland, I expect them to deposit at least two days worth of my fee to cover the traveling time and the time of the deposition into my trust account before the deposition. Third, many of the items discussed in the deposition as to the Subpoena deuces tecum are either already available or are not readily available to me or anyone else.

As to my expertise and background, I regret to say that I have never kept track of the income that I have received over the years as a consultant while discussing mechanics' lien law and issues with other attorneys. I can perhaps recreate that information if it is absolutely necessary, but the time involved will be significant. If the information is needed I will gather as much as possible by digging through my old billings. I will not do so however unless I am being compensated for my time. I suspect that I will expend over 20 hours of time recreating the information that they have requested. My current hourly rate of $260.00 per hour. I will need a security deposit of at least $5,000.00 to look for and gather the information they are requesting. Once that money is spent, I will ask for more.

620 E. Broad Street • Columbus, Ohio 43215
(614) 242-4242 • Fax (614) 242-4243 • Toll Free (800) 235-0188
Website: www.dvslv.com

**EXHIBIT 7**

Stuart W. Harris, Esquire
Kegler, Brown, Hill & Ritter
August 24, 2005
Page 2

Additionally, I have not kept track of the publications that I have written. If I must hazard a guess, I would predict that they number between perhaps as many as 50 articles over the years. Some will be quite small, but as you know I have authored a mechanics' lien article for the P.E.S.I. seminar on the topic that has been revised annually for over 20 years. I know that I have wrote a number of articles immediately after the new law was enacted. I have also written a number of small newsletter articles for various associations over the years. As I mentioned previously, I have not kept track of the of articles I have written over the years. Frankly, I never expected anyone to be interested in the number of articles I have written. Any attempt to recreate such a list will require extensive time on my part and the part of my clerical staff. As I mentioned above, if it is needed, I will do so, but not without compensation.

I believe the cases where I have actually testified in the capacity as an expert witness have been listed on my curriculum vitae. I do not recall testifying in other cases in the last four years.

Finally, the list of attorneys that have retained me to act as a consultant or an expert over the last four years does not exist but can be partially recreated. The problem is that many of those attorneys were retaining me as a consultant on a confidential basis. I am not certain that their clients even know that they did so. I would want to make sure that the court feels it is relevant to have that information before I go to the trouble of creating it.

Obviously a schedule depicting the income I have received as an expert witness or consultant in legal matters is the same issue. It is practically asking for the same thing as the other items. I believe I can recreate it, but I am certain that it will not include everything and everyone, in addition to being quite expensive to create.

I will be happy to provide any and all documents transmitted between myself and your firm. Who is going to pay for the copying cost? As you know the plaintiff has not retained me, I have been retained by you. I would also be happy to prepare and have my support staff in the process of preparing a scheduling showing the compensation that I have earned in this case to date. Of course, that schedule will change significantly if your opposing counsel is serious about the information and details that they want me to provide them as to my background and role as a consultant and expert in the field of Mechanics' Liens.

I look forward to hearing from you.

Sincerely,

Mark Decker

MD/pl

# JANIK & DORMAN, L.L.P.

### Attorneys at Law

9200 South Hills Boulevard ♦ Suite 300 ♦ Cleveland, Ohio 44147-3521
(440) 838-7600 ♦ Facsimile (440) 838-7601
Email ♦ Mark.Kremser@Janiklaw.com

**Direct Dial**
**(440) 740-3090**

September 22, 2005

*Via Facsimile 614-464-2634*
Stuart W. Harris, Esq.
Kegler, Brown, Hill & Ritter
65 E. State Street
Columbus, OH 43215-4294

> **Re:** *Southern Electric Supply Company, Inc. d/b/a Rexel Elgee, Inc. v.*
> *Lienguard, Inc., et al.*
> **United States District Court, Southern District, Eastern Division**
> **Case No. C2 05 442**

Dear Mr. Harris:

This is to confirm that I have attempted to call you on several occasions to discuss the deficiencies in Plaintiff's discovery responses, as well as Mr. Decker's failure to comply with my subpoena. Since we have been unable to reach each other, please allow this letter to summarize Defendant Popper's position with regard to these outstanding issues.

I'm extremely disappointed that you chose not to forward to me Mr. Decker's letter of August 24, 2005 until the time for Mr. Decker to respond to my subpoena had come and gone. It is my belief that if you had a sincere interest in resolving this dispute, you would of raised Mr. Decker's concerns with me *prior* to the time that his responses to the subpoena were due. The only issues you brought to my attention involved the date and time selected for Mr. Decker's records deposition. As you know, however, Mr. Decker's testimony was not being elicited, and therefore, your concerns about the date and time were a red herring.

As to the substance of Mr. Decker's letter, your expert ignores the fact that my subpoena required that he produce any and all materials that he reviewed and/or considered informing his opinions relative to this matter, which materials are expressly discoverable under Civ. R.26 (a)(1)(E)(2).

Next, Mr. Decker expresses surprise that he would be expected to produce a list of the publications he has published in the last ten years. An attorney has accomplished as your expert purports to be should be familiar with the mandates of Civ. R.26(a)(1)(E)(2) with regard to the disclosure of expert testimony. That rule specifically requires that in addition to the data and/or other information considered by the witness informing his opinions, the witness must also disclose a list of all publications published by the witness within the preceding ten years.

Mr. Decker's failure to produce documents bearing upon his compensation in this case is also a direct violation of Civ. R.26(a)(1)(E)(2).

{00068238; 1; 0753-0006; SK}

**EXHIBIT 8**

September 21, 2005
Page 2

Similarly, Mr. Decker's failure to provide a list of those cases in which he has testified as an expert at trial or by deposition within the last four years is also a violation of Civ. R.26(a)(1)(E)(2). If Mr. Decker has failed to testify in an expert capacity in the last four years, please advise.

With regard to the Plaintiff's answers to Defendant Popper's interrogatories, request for production of documents, and request for admissions, it is apparent that the Plaintiff has given evasive and incomplete information and records. For instance, Plaintiff has yet to produce any documents regarding the underlying litigation between Southern Electric and Rudolph/Libbe Corp. including documents relative to the settlement resolving that matter.

Nor has Plaintiff produced any of the documents which support its denials in response to Plaintiff's request for admissions. In particular, Plaintiff failed to produce any documents which corroborate the Plaintiff's contention that it had direct communications with Ms. Popper and/or otherwise establish that Mr. Popper owed a duty of care to Southern Electric. The only document that Plaintiff has produced thus far that has any reference to my client is the Notice of Furnishing dated May 3, 2002. If Plaintiff is in possession of additional documents relating to and/or referencing my client, I am entitled to see them.

In addition, Plaintiff has failed to produce a number of documents which it specifically promised to produce. For instance, in response to Request No.19, Plaintiff indicated it would produce all corporate and financial statements. Likewise, Plaintiff indicated that it would produce all document regarding its dispute with Superior, Rudolph/Libbe, and Honda. To date, none of those documents have been produced. Nor has Plaintiff produced documents responsive to Request No. 24, and Request No. 25, despite Plaintiff's promise to make those documents available.

I expect Plaintiff to fully and completely to respond to all of Defendant Popper's outstanding requests, including production of the documents outlined above within seven (7) days. If you and Mr. Decker fail to comply, we will seek court intervention.

Very truly yours,

Mark E. Kremser

MEK:as
cc:     Thomas Rosenberg

{00068238; 1; 0753-0006; SK}