# SPECTRUM REPORTING LLC

July 12, 2006

Thomas L. Rosenberg, Esq.
Roetzel & Andress
155 E. Broad St., 12th Fl.
Columbus, OH 43215

Re: *Southern Electric Supply Co., Inc. D/b/a Rexel Elgee, Inc. vs. Lienguard, Inc., et al.*

Dear Mr. Rosenberg:

Enclosed you will find the Witness Errata and Signature Sheet(s) for the CORRECTED deposition transcript of Mark Decker taken on May 5, 2006 in the above-captioned case.

If you have any questions concerning this matter, please call me at 614-444-1000.

Sincerely,

*Christy M. Heaney*

Christy Heaney
Production Manager

Enc.

cc: Stuart W. Harris, Esq.
    Marvin E. Richards, Jr., Esq.


Ref: SB9542MD



EXHIBIT B

## Witness Errata and Signature Sheet (Corrected Transcript)

Spectrum Reporting LLC
333 East Stewart Avenue
Columbus, Ohio 43206
Phone - 614-444-1000   Fax - 614-444-3340
Email - admin@spectrumreporting.com       Ref: SB9542MD

**Correction or Change Reason Code**
1 - Misspelling   2 - Word Omitted
3 - Wrong Word    4 - Clarification
5 - Other Correction (Please explain)
Sheet ____ of ____

| Page/Line | Correction, Addition, or Change | Reason Code |
|---|---|---|
| | SEE ATTACHED ERRATA SHEET | |

I, Mark Decker, have read the entire transcript of my deposition taken in this matter, or the same has been read to me. I request that the changes noted on my errata sheet(s) be entered into the record for the reasons indicated.

Date 7/7/06        Signature [signed: M. Decker]

The witness has failed to sign his deposition within the time allowed.

Date _____    Signature _____

| Item No. | Page/Line | Corrections, Additions, or Changes | Reason Code |
|---|---|---|---|
| 1 | 12/1 | Delete "affidavit of mechanics lien" Insert "Notice of Commencement" | 5, I misspoke. |
| 2 | 12/21 | Delete "Commencement" Insert "Furnishing" | 5, I misspoke. |
| 3 | 12/22 | Upon reflection, I have come to the conclusion that there is still another possible explanation for the apparent inconsistency. Americas, may be in contract with Rudolph-Libbe, while R&D is in contract with one or more of the other original contractors and or Rudolph-Libbe listed. | 4 |
| 4 | 13/15 | Delete "Commencement" Insert "Furnishing". | 5, I misspoke. |
| 5 | 17/22 | Upon reflection, I have come to the conclusion that there is still another possible explanation for the apparent inconsistency. Americas, may be in contract with Rudolph-Libbe, while R&D is in contract with one or more of the other original contractors and or Rudolf-Libbe listed. | 4 |
| 6 | 45-56 | Upon reflection and after review of the Ulmer Berne case and more recent cases, I have come to the conclusion that you cannot assume that the argument asserted by counsel for Rexel was correct in applying the concept of one general contract as expressed in Section 1311.08 to the case in point. The concept of "one general contract" as expressed in the statute was not applied by the court in the Ulmer Berne case to the contract between the general contractor and the Owner, but to the contract of the lien claimant. More recent cases appear to all be applying the concept in the same manner. The result is that Section 1311.08 should not and could not apply to the facts of this case. The entire line of questioning and the responses are not relavent to the case in point. | 4 |
| 7 | 87/9 | As stated above, we cannot assume the facts as being correct, because that theory of law that Rexel's cross motion attempts to apply is wrong and as such Section 1311.08 does not apply to this case. | 4 |