LEXSEE

CATRINA MOTZ and BRENDA STRATHAM, Plaintiffs-Appellants, vs. THOMAS A. JACKSON, and STEVEN J. PLUMMER, Defendants-Appellees, and JESSICA MCKENZIE, et al., Defendants.

APPEAL NO. C-990644

COURT OF APPEALS OF OHIO, FIRST APPELLATE DISTRICT, HAMILTON COUNTY

2001 Ohio App. LEXIS 2896

June 29, 2001, Date of Judgment Entry on Appeal

NOTICE: [*1] THESE ARE NOT OFFICIAL HEADNOTES OR SYLLABI AND ARE NEITHER APPROVED IN ADVANCE NOR ENDORSED BY THE COURT. PLEASE REVIEW THE CASE IN FULL.

PRIOR HISTORY: Civil Appeal From: Hamilton County Court of Common Pleas. TRIAL NO. A-9704140.

DISPOSITION: Judgment Appealed From Is: Affirmed.

HEADNOTES: TORT MISCELLANEOUS

SYLLABUS:

In an action for legal malpractice, the trial court erred when it determined that there was no evidence upon which reasonable minds could find that the defendants had breached a duty owed to their clients by failing to file an uninsured-motorist claim; however, summary judgment for the defendants remained appropriate when, after the defendants had raised the issue of damages in renewing their *Civ.R. 56* motion based upon the plaintiffs' settlement with the insurer, the plaintiffs did not respond by submitting any evidence to demonstrate that they had suffered any calculable economic harm.

COUNSEL: Michael J. Wiethe, for Plaintiffs-Appellants.

John C. Nemeth & Associates, John C. Nemeth, and Matthew E. Ice, for Defendants-Appellees.

JUDGES: GORMAN, Presiding Judge. HILDEBRANDT and SHANNON, JJ., concur. RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.

OPINIONBY: GORMAN

OPINION: GORMAN, Presiding [*2] Judge.

The plaintiffs-appellants, Catrina Motz and her mother, Brenda Stratham, appeal from the trial court's order granting summary judgment to the defendants-appellees, Thomas A. Jackson and Steven J. Plummer, in an action for legal malpractice. In their single assignment of error, Motz and Stratham contend that Jackson and Plummer were not entitled to judgment as a matter of law because material issues of fact remained concerning the attorneys' failure to file an uninsured-motorist claim arising from an accident that had injured Motz. For the following reasons, we affirm.

FACTS

On July 14, 1994, Motz was a passenger in a car driven by Jessica McKenzie. Both were teenagers. The car was insured by McKenzie's mother under a policy with the Western Reserve/Lighting Rod Mutual Insurance Company. The accident allegedly occurred while the two teenage girls were on their way to summer school, when an unidentified driver crossed the centerline and forced the girls' car off the road. No actual contact between the two cars was reported. Motz suffered significant injury when the girls' car struck a telephone pole. The unidentified driver apparently drove away without stopping.

Motz [*3] and Stratham retained Jackson and Plummer to represent them in an action for personal injuries. On March 28, 1995, the lawyers filed the action in the Warren County Court of Common Pleas, naming only McKenzie as the defendant in a negligence claim.

The attorneys did not name as defendants either Lightning Rod or the "John Doe" driver who had caused McKenzie to swerve off the road.

The negligence action against McKenzie was dismissed without prejudice on September 25, 1996. According to Motz and Stratham, they dismissed the action since they did not believe that McKenzie had been negligent, and because Jackson and Plummer had failed to inform them of "other, possible claims"--*i.e.*, a negligence claim against the "John Doe" driver and an uninsured-motorist claim against Lightning Rod.

Subsequently, on September 5, 1997, Motz and Stratham, represented by new counsel, filed suit against McKenzie, Lightning Rod, Jackson and Plummer. The claim against Lightning Rod was for uninsured-motorist coverage. The claim against Jackson and Plummer was for professional malpractice based on their failure to assert an uninsured-motorist claim against Lightning Rod and a negligence claim against [*4] the unidentified "John Doe" driver.

Motz and Stratham, Lightning Rod, and Jackson and Plummer all filed motions for summary judgment. Lightning Rod's motion was premised upon three grounds: first, that the uninsured-motorist claim lacked the requisite degree of independent corroboration required by law; second, that the claim was barred by the failure of Motz and Stratham to protect the insurance company's rights against the tortfeasor by filing a "John Doe" claim; and, third, that the personal-injury claims were barred under the applicable two-year statute of limitations and the two-year limitations period set forth in the insurance policy. The trial court initially denied the motion.

Jackson and Plummer subsequently filed their motion for summary judgment. They argued that, by denying the insurance company's motion for summary judgment, the trial court had, in effect, ruled that the uninsured-motorist claim was still viable, and consequently that their decision not to file such a claim earlier had had no prejudicial effect. Further, they argued that, at the time they had decided not to file an uninsured-motorist claim, the law in Ohio had required independent third-party corroboration, [*5] which they did not have. The trial court denied this motion as well.

Subsequently, upon reconsideration, the trial court granted Lightning Rod's motion without articulating its reasons for doing so. Months later, Motz and Stratham signed a settlement and release with McKenzie in consideration for a $ 20,000 payment. Under the terms of the settlement, Motz and Stratham agreed to release both McKenzie and Lightning Rod from "any and all claims, demands, actions, causes of actions, and suits at law or in equity * * * and particularly on account of any and all claims for uninsured and/or under-insured motorist benefits" arising from the accident.

The court then reconsidered its ruling on the claims against Jackson and Plummer and granted summary judgment to the attorneys, concluding that they had not been professionally negligent by failing to file an uninsured-motorist claim, since they had lacked any third-party testimony to corroborate the role of the "John Doe" driver.

Motz and Stratham appealed the trial court's entry of summary judgment both for Lightning Rod and for Jackson and Plummer. This court granted the parties' joint motion, filed pursuant to *App.R. 9(E)*, to remand the [*6] case to the trial court to make supplemental findings. On remand, the trial court ruled specifically that the release was applicable to Lightning Rod and that it absolutely barred any claim by either Motz or Stratham against the insurance company for injury or damages arising from the car accident on July 14, 1994.

Following the trial court's ruling, Motz and Stratham filed the instant appeal in which they challenge only the summary judgment granted to Jackson and Plummer.

VALIDITY OF UNISURED-MOTORIST CLAIM

As we have noted, the trial court granted summary judgment to Jackson and Plummer because it determined that an uninsured-motorist claim would not have been viable without independent third-party corroboration. Motz and Stratham argue, however, that the requirement of independent third-party corroboration was not imposed until a year after Jackson and Plummer had filed suit, as a result of the Ohio Supreme Court's decision in *Girgis v. State Farm Auto Mut. Ins. Co. (1996), 75 Ohio St. 3d 302, 662 N.E.2d 280*. Further, they argue that, two weeks before Jackson and Plummer filed the negligence action against McKenzie, the Court of Appeals for the Twelfth Appellate [*7] District, in whose jurisdiction the suit was filed, had determined that an uninsured-motorist claim did not require physical contact between vehicles. See *Wilburn v. Allstate Ins. Co. (1995), 72 Ohio St. 3d 1550, 650 N.E.2d 1369*. Thus, they contend, there was no legal impediment that would have justified the two attorneys not filing an uninsured-motorist claim against Lighting Rod at the same time they filed the negligence action against McKenzie. In their view, Jackson and Plummer were also negligent in not becoming aware of the *Wilburn* decision and amending the pleadings in the action against McKenzie to include an uninsured-motorist claim against Lightning Rod.

Jackson and Plummer decry such logic as "bordering on the absurd." They point out that, at the time they represented Motz and Stratham, *Girgis* had been certified to the Ohio Supreme Court. Had they earlier filed an unin-

sured-motorist claim against Lightning Rod, they contend, such a claim ultimately would have been dismissed pursuant to the holding in *Girgis* that an uninsured-motorist claim requires third-party corroboration.

Jackson and Plummer filed their lawsuit against McKenzie in March 1995. [*8] The case was dismissed in September 1996, before it ever proceeded to trial. Even if the action had included an insured-motorist claim, *Girgis* was decided in March 1996, while the lawsuit was still pending. Thus, Motz and Stratham are limited to arguing that between March 1995 and March 1996 they had a viable uninsured-motorist claim that Lightning Rod would have likely settled had such a claim been filed.

The ultimate question is whether the case for recovery under such a claim was too speculative given the number of variables at play. Even if Jackson and Plummer could and should have filed an uninsured-motorist claim based on *Wilburn*, Motz and Stratham would still have had to prove that such a claim could have produced a settlement prior to the time *Girgis* was decided. Oddly, the record does contain some evidence on this point. In their own motion for summary judgment, Motz and Stratham submitted the affidavit of the attorney who represented McKenzie in her uninsured-motorist claim against Lightning Rod. Significantly, McKenzie's uninsured-motorist claim was settled by Lighting Rod *notwithstanding the absence of third-party corroboration*. (The dollar amount of the [*9] settlement is not of record.) McKenzie's attorney stated that he had filed McKenzie's uninsured-motorist claim as a consequence of the Twelfth Appellate District's decision in *Wilburn*, and that in his view the *Girgis* decision "confirmed the *Wilburn* case" and "confirmed Jessica McKenzie's case against Lightning Rod Insurance and certainly helped resolve that case." The attorney then stated,

I believe that the failure of Thomas Jackson and Associates to know the law as it pertained to *Wilburn* and *Girgis* in their representation of Catrina Motz was negligent and violated the ordinary care standard as it exists in Warren County, Ohio, and Hamilton County, Ohio.

The negligence of Thomas Jackson and Associates has certainly damaged the Plaintiffs since their entire cause of action may be lost due to the Statute of Limitations and the policy provisions of the insurance policy of Jessica McKenzie as it pertains to the two year necessity to file suit (depending on this court's findings).

It is also noteworthy that Lightning Rod, in its memorandum opposing Jackson and Plummer's motion for summary judgment, also took the position that the two attorneys had been negligent [*10] in not earlier filing an uninsured-motorist claim against the company. According to Lightning Rod, Jackson and Plummer had failed to appreciate the change in the law allowing recovery of uninsured-motorist benefits in the absence of physical contact, whereas "counsel for Katrina McKenzie had the foresight to present an uninsured motorists claim to the insurer and such claim was eventually compromised and settled by the insurer."

It appears, therefore, that the record does contain some evidence upon which an inference could be made that, had Jackson and Plummer earlier pursued an uninsured-motorist claim against Lightning Rod, the company would have settled the claim just as it had settled a similar claim made by McKenzie. Under *Civ.R. 56(C)*, Motz and Stratham were entitled to have the evidence construed most strongly in their favor. This being so, we hold that there was evidence upon which a reasonable trier of fact could have concluded that (1) an uninsured-motorist claim against Lightning Rod in March of 1995, or soon thereafter, was a viable claim under the Twelfth Appellate District's decision in *Wilburn*; (2) Lighting Rod would have settled the claim as it had done for a similar [*11] claim filed by McKenzie; and (3) Jackson and Plummer had breached a duty owed to Motz and Stratham by failing to file such a claim.

EFFECT OF SETTLEMENT

The crux of the malpractice claim was that the failure of Jackson and Plummer to file an uninsured-motorist claim and a negligence claim against the unidentified driver had cost Motz and Stratham their ability to recover against these two defendants. But, as counsel for Motz conceded below, "everyone who is a party to this case knows that it was, and always will be impossible to identify the John Doe driver." Thus, the loss of the ability to recover from John Doe did not represent any true financial harm. The only question left is whether Motz and Stratham, by finally settling with McKenzie and Lightning Rod, were able to demonstrate any damage as a result of the failure of Jackson and Plummer to bring an earlier uninsured-motorist claim against the insurance company.

The Ohio Supreme Court has held that the settlement of the underlying dispute does not, as a matter of law, extinguish a claim of legal malpractice. *Vahila v. Hall (1997), 77 Ohio St. 3d 421, 674 N.E.2d 1164.* Moreover, it is not necessary, in order [*12] to prove damages in such a claim, that the plaintiff demonstrate that he or should would have been successful in the underlying action. *77 Ohio St. 3d at 426, 674 N.E.2d 1168.* But it is necessary that the plaintiff be able to demonstrate some calculable measure of damage or loss as a result of the alleged breach of professional duty or obligation. *77 Ohio St. 3d at 427, 674 N.E.2d at 1169.* Such

damage may include, for example, the expense of rectifying the malpractice, even when that rectification is ultimately achieved through a settlement. *77 Ohio St. 3d at 425-426, 674 N.E.2d at 1168.*

Here, Motz and Stratham settled with Lightning Rod, but only after Lightning Rod had succeeded in obtaining summary judgment. The amount of the settlement, $ 20,000, was far less than the $ 150,000 Motz and Stratham had alleged as damages in their pleadings. It is possible that, through expert testimony, they could have demonstrated a calculable measure of damage constituting the difference between the value of the claim when it was still viable and the $ 20,000 value the parties placed on it after the trial court's decision to grant summary judgment to Lightning Rod.

Jackson and [*13] Plummer argue that because the record does not presently contain any such expert testimony, the trial court's ruling must be affirmed. We note that the issue of damages was raised in the attorneys' June 30, 1999, motion asking the court to reconsider its denial of summary judgment. In the memorandum in support of the motion, Jackson and Plummer argued that "no evidence exists which would serve to support a finding that * * * any alleged actions of the Defendants resulted in damage to the Plaintiffs."

We hold that Jackson and Plummer thus satisfied their burden, as the parties moving for summary judgment, of informing the trial court, and their adversaries, of the basis for their motion, and of specifically identifying the portion of the record that failed to demonstrate an issue of material fact. *Dresher v. Burt (1996), 75 Ohio St. 3d 280, 293-294, 662 N.E.2d 264, 274.* Motz and Stratham were therefore clearly given notice, after their settlement with Lightning Rod, that one of the grounds for the attorneys' renewed motion for summary judgment was the absence of any proof of damages.

Motz and Stratham did not respond by putting into the record any expert evidence as [*14] to the diminution of the value of their case as a result of Jackson and Plummer's failure to file an insured-motorist claim and to bring the case to settlement earlier. Nor did they present evidence that they had incurred additional attorney fees or expense as a result of the attorneys' alleged malpractice. As the nonmoving parties, they were required, after Jackson and Plummer had discharged their initial burden, to set forth specific facts showing that there was a genuine issue for trial. *Dresher, supra, at 293, 662 N.E.2d at 274.* When a nonmoving party fails to satisfy this reciprocal burden, summary judgment is appropriate. *Id.*

Our review of the grant of summary judgment is *de novo*. Although we disagree with the trial court that there was no evidence upon which reasonable minds could differ on the issue of malpractice, we hold that summary judgment was proper given the lack of any evidence establishing a calculable financial loss to Motz and Stratham. One of the essential elements of a legal-malpractice claim is a causal connection between the conduct complained of and resulting damage or loss. *Vahila, supra, at 421, 674 N.E.2d at 1164.* [*15] Although Motz and Stratham presented evidence of a breach of professional duty, they did not present any evidence to demonstrate damage or loss. The mere fact that an earlier uninsured-motorist claim may have forced settlement sooner did not necessarily establish that it would have been settled for more. In order to withstand the attorneys' motion for summary judgment, Motz and Stratham should have submitted at least some evidence to demonstrate a dollar-amount difference between what the claim would have been worth in settlement at the time when Jackson and Plummer represented them and the claim was still viable, and the $ 20,000 they were forced to settle for after the trial court had granted Lightning Rod's motion for summary judgment.

MISREPRESENTATION

Finally, it should be noted that Motz and Stratham also argue that summary judgment was improper because there was a genuine issue of material fact regarding whether Jackson had materially misrepresented to them the opinion of the accident reconstructionist. In this regard, they point to a letter sent to them by Jackson, dated July 14, 1994. In that letter, Jackson told Motz that the accident reconstructionist, after reviewing [*16] the evidence, "does not believe that [McKenzie] was left of center, even though the accident report seems to indicate that she was." Motz and Stratham submitted the affidavit of the accident reconstructionist, in which he stated just the opposite--that it was his opinion that McKenzie had crossed the centerline before swerving to avoid the unidentified driver.

As we have noted, Motz and Stratham failed to present evidence that, had a claim been filed earlier, they would have recovered a sum greater than the $ 20,000 that was ultimately received in settlement. The mere fact that Jackson may have misrepresented the opinion of the reconstructionist, although a matter of serious professional concern, did not automatically establish any damage or loss attributable to legal malpractice.

Accordingly, the two assignments of error are overruled, and the judgment of the trial court affirmed.

*Judgment affirmed.*

HILDEBRANDT and SHANNON, JJ., concur.

RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.

1071G0

\*\*\*\*\*\*\*\*\*\* Print Completed \*\*\*\*\*\*\*\*\*\*

Time of Request:    August 03, 2006   03:26 PM EDT

Print Number:       2842:111775973
Number of Lines:    218
Number of Pages:

Send To:  BERTKE, ZACHARY
          KEGLER BROWN HILL & RITTER
          65 E STATE ST
          COLUMBUS, OH 43215-4213