

Mark Decker
James M. Vonau
David L. Lackey
James D. Viets
James P. Seguin

**Decker Vonau**

Decker, Vonau, Seguin, Lackey & Viets Co., LPA
*A Legal Professional Association*

Steven V. Miller
Jodelle N. Stranges
Brant K. Rhoad
Jennifer K. McEowen*
*of counsel:*
Robert J. Morje
*Licensed in Ohio and Texas



February 7, 2005

Stuart W. Harris, Esquire
Kegler, Brown, Hill & Ritter
65 E. State Street, Suite 1800
Columbus, Ohio 43215-4294

      RE:  Your Client: Southern Electric Supply Co., Inc. d/b/a Rexel Elgee, Inc.
          Projects: Honda of America Manufacturing Co., Building #7 (Expansion) & Building #9 New Construction

Dear Mr. Harris:

  The purpose of this letter is to respond to your request for a formal opinion as to the actions and recommendations of Lienguard, Inc. as they apply to your client Southern Electric Supply Co., Inc. d/b/a Rexel Elgee, Inc., "Rexel," on two projects at the Marysville Honda Plant. With that in mind, I have reviewed the memorandum you prepared for me dated November 18, 2004, its exhibits, and the additional documents that you sent to me by fax on December 2, 2004, which included Lienguard's letter to Rexel dated January 7, 2003 and the accompanying fee schedule. I have also reviewed and examined the cross motions for summary judgment and accompanying exhibits that were filed in Union County Common Pleas Court Case No. 2004 CV 0094 by your client as the Plaintiff and Rudolph/Libbe as a defendant.

  There are numerous exhibits attached to the various pleadings and your memorandum, but I believe that I need only refer to and discuss four as they apply to your request for an opinion. I will identify them here and attach additional copies as my own exhibits. They are as follows: A) The Notice of Commencement prepared and recorded by Honda R&D Americas, Inc. dated January 2, 2002, for the expansion of Building #7; B) The Notice of Commencement prepared and recorded by Honda R & D Americas, Inc. for the construction of Building #9 dated and recorded on May 15, 2002; C) The Notice of Furnishing prepared for Rexel that was signed by Alan H. Popper, dated May 3rd 2002 (marked exhibit 4 for other reasons); and D) The fax letter sent to Kathy Compton from Janis of Lienguard, Inc. dated October 16, 2002.

620 E. Broad Street • Columbus, Ohio 43215
(614) 242-4242 • Fax (614) 242-4243 • Toll Free (800) 235-0188
Website: www.dvslv.com

Stuart W. Harris, Esq.
Page 2 of 4
February 7, 2005

      One of the issues that apparently did not come up in the litigation as of the date of settlement was the validity and effectiveness of the Notice of Furnishing, Exhibit C, that was signed and sent by Lienguard. Under Ohio Law the owner of the **improvement** is the owner who is to receive the Notice of Furnishing. They are the ones who are burdened by the statutes with the obligation to prepare and record a Notice of Commencement for the improvement. [O.R.C. §1311.04(A)(1)]. In this case, the owner of the improvement is the contracting party and the entity who signed the Notice of Commencement, Honda R&D Americas, Inc. Rexel's Notice of Furnishing should have been sent to Honda R&D Americas, Inc. and not Honda of America Manufacturing Co. While I cannot be certain, it appears that Honda of America Manufacturing Co. is the owner of the real property on which the improvement was to be built, and that Honda R&D Americas, Inc. was a tenant or lessee. One thing is clear from the Notice of Commencement, Honda R&D Americas, Inc. had contracted for the improvement and was in contract with Rudolph/Libbe, Inc., one of the original contractors. Under Ohio law, the reference to the fee owner when the contracting party is not the fee owner is only for purposes of putting potential lien claimants on notice that any lien will not extend to the interests of the owner of the real property. [See O.R.C. §1311.09(A)(1) and O.R.C. §1311.10(A)]. Please note that the address of the real property owner and the address of the improvement owner are also different.

      I believe that this was not an effective Notice of Furnishing, and I am surprised that the attorneys representing Rudolph/Libbe did not assert the failure to properly serve a Notice of Furnishing upon the owner of the improvement as a defense to the first lien.

      Now as to the main issue, the fax letter from Janis, exhibit D, appears to be advising Kathy at Rexel **not** to prepare and serve a Notice of Furnishing upon the second project involving the construction of a new building, referred to as Building #9. The reason given is that the first Notice of Furnishing covers all subsequent shipments to the Honda facility. I do not understand the reasoning or the conclusion. <u>I believe it is absolutely and unequivocally wrong.</u> Either Janis did not realize that a second project had been started, or she totally misunderstands Ohio law on the subject of Mechanics' Liens. Either way she gave the clients bad advice and caused you to argue what I believe was an untenable position in your efforts to recover payment for materials delivered to the second project.

      Mechanics' Liens are creatures of statute. They do not exist in common law. Therefore, if the lien does not fit the requirements as outlined in the statue the lien either does not exist or is invalid. The right to file a Mechanics' Lien on an improvement to privately owned real estate is embodied in O.R.C. §1311.02. As I read it, the statute has five elements or requirements, the most important of which is that there must be a contract with the owner, part owner or lessee of an interest in real estate that can be traced in whole or partially to the lien claimant. Said in the reverse, the lien claimant must prove that its work was performed or materials were provided or both pursuant to a contract that can be traced back to the owner of the improvement. In other statutes, as I have discussed above, we learn the limitations on the lien when the "Owner" is only a "part owner or lessee of an interest in real estate..." For purposes of this discussion, the important item is the contract. Therefore, as long as

Stuart W. Harris, Esq.
Page 3 of 4
February 7, 2005

there are separate contracts and separate improvements there are separate lien rights and the need to preserve the separate lien rights. We both separate improvements and separate contracts in this set of facts. I do not know of any provision in any of the Mechanics' Lien statutes that would limit the number of improvements that can take place at any one time on a specific parcel or set of parcels of real property. In fact, it is my opinion that if the contracting party can identify the improvements as separate and distinct improvements, the number of improvements that can take place on specific real property is unlimited. Therefore the number of lien rights to be preserved is unlimited. Additionally, each lien right for each improvement must be identified and preserved separately.

In this case there were two improvements identified as such in two Notices of Commencement prepared and recorded by the contracting party. There were, therefore, two liens to protect. A Notice of Furnishing should have been prepared and served for each project. It is clear that the Notice of Furnishing that was sent by Lienguard on behalf of Rexel applied to the expansion of building #7 because the second Notice of Commencement, involving the construction of Building #9, was not prepared as of May 3rd 2002, the date of the Notice of Furnishing. Please note that the Notice of Commencement for the new construction of Building #9 was signed on May 15th, 2002. As it stands, the Notice of Furnishing that was sent applied only to materials provided for the improvement identified as the expansion of Building #7.

Lienguard cannot rely upon either O.R.C. §1311.12(D) or O.R.C. §1311.08, because your client Rexel knew there were two improvements. The purchase orders they received from Superior Electric easily identified the projects and indicated which materials were purchased for each of the two improvements.

Ohio law clearly specifies that any lien claimant providing materials to an improvement after the recording of a Notice of Commencement for the improvement **must** serve a Notice of Furnishing for that improvement in order to preserve lien rights. (O.R.C. §1311.04 and O.R.C. §1311.05). Rexel did not serve the owner of the improvement with a Notice of Furnishing for the second improvement. Rexel lost its right to file the second lien. It was only through some imaginative thinking on your part that the second lien was filed and you were able to negotiate a reasonable settlement on the second lien. Your efforts had the effect of mitigating Rexel's damages, but I must admit that I would not have filed the second lien had the decision been mine. I believe all of the legal fees incurred by Rexel during your recent litigation over the validity of the liens should be offset against the amount of your settlement, as costs that would not have been necessary had Lienguard done its job properly. Let me remind you that the Notice of Furnishing that was prepared by Lienguard was defective in that it was not sent to the contracting party. I would have expected to see an argument concerning its validity at some time during the litigation had it proceeded.

You also asked me to express my opinion concerning the standard within the legal community as to Lienguard's advice to Rexel. As I stated earlier, it was wrong, but more importantly, it was what I refer to as, "picking a fight". For the sake of saving the cost of a second Notice of Furnishing, Lienguard, after being asked by its client to prepare and send a Notice of

Stuart W. Harris, Esq.
Page 4 of 4
February 7, 2005

Furnishing, declined to do so because they thought Ohio law did not require one. No attorney who practices Mechanics' Lien law in Ohio would have given Rexel that advice. Lienguard was literally betting that they were right in their interpretation of Ohio law in order to save the cost of one certified mail. That was a very bad bet with even worse odds. There is no logic or rationale that justifies Lienguard's position. They literally challenged Honda and Rudolph Libbe to a duel, using Rexel as their shield. Rexel was guaranteed by the Lienguard response to have to fight to enforce their lien no matter what. Lienguard put them in the position of having to fight uphill against the legal position, as expressed in the Notice of Commencement, of the owner. Assume for a moment that the owner was wrong and Lienguard was right. Rexel would still have had to prove their position in court before the owner would have paid the lien. Putting your client in the position of having to prove in court that your interpretation of the law is right is what I mean by "picking a fight". Lienguard could have avoided the entire fight had they just prepared and sent the second Notice of Furnishing. For a couple of dollars, they cost Rexel tens of thousands. It does not make sense and is the very poor practice of law.

Worse, they were betting in a high stakes game and they were using your client's money. Who in their right mind would challenge the owner of this improvement to a battle over the effect of the Ohio statutes, when a simple Notice of Furnishing sent to the right parties by certified mail would have made the issue moot? In answer to your question, I do not believe any attorney in Ohio would have taken the position that Lienguard took on this matter. Lienguard had a request for a Notice of Furnishing. Lienguard had both Notices of Commencement. They had no reason to "pick this fight". Lienguard should have prepared and sent the second Notice of Furnishing. Anything less falls below the acts of reasonable individuals, let alone the standard of practice in Ohio on Mechanics' Lien matters. It is a simple issue of cost versus benefit. The cost of a Notice of Furnishing is nothing compared to the cost of the legal battle that Lienguard created. Therefore, even if Lienguard had a legal basis for refusing to prepare a Notice of Furnishing for the second improvement they still should have prepared and sent one in order to avoid "picking a fight".

I hope this letter satisfies your request for my opinion in this matter. I have taken the liberty of sending you a copy of my curriculum vitae in an effort to substantiate my right to form an opinion on matters involving Ohio's Mechanics' Lien statutes and the practice of law as it applies to Mechanics' Liens.

If you have any questions or comments, feel free to give me a call.

Sincerely,

Mark Decker

MD/sr
Enclosures

# MARK DECKER
## Attorney-at-Law
### DECKER, VONAU, SEGUIN, LACKEY & VIETS CO., L.P.A.
620 East Broad Street
Columbus, Ohio 43215
(614) 242-4242    (614) 242-4243 (Facsimile)
mdecker@dvslv.com

---

## PROFESSIONAL ORGANIZATIONS AND MEMBERSHIPS

- November 3, 1973 — Admitted to Ohio Bar

- May 1, 1974 — Admitted to U.S. District Court
  Southern District of Ohio

- Member — Columbus Bar Association
  1994-95 Construction Law Committee Chairman
  Ohio State Bar Association
  Real Property Section
  American Bar Association
  (Forum On The Construction Industry)

## CONSTRUCTION INDUSTRY POSITIONS

- Board Member 1978 to 1989; — Board of Examiner's
  for General and Limited Sign Erectors
  for the City of Columbus

- Panel Member (Since 1988) — American Arbitration Association (AAA)
  Panel of Arbitrators for Construction Disputes
  Currently serving as a Member of the Central Ohio
  Construction Advisory Council

## CONSTRUCTION INDUSTRY ORGANIZATIONS AND MEMBERSHIPS

- Member — Builder's Exchange of Central Ohio
  1993-1994 Chairman of BX Law Group

- Member — Building Industry Association of Central

Mark Decker, Esquire
Curriculum Vitae
Page 2 of 6

|  |  |
|---|---|
|  | Ohio (BIA) |
| ▸ Member | AEC/IEC – Central Ohio Chapter |
| ▸ Member | American Subcontractors Association<br>Central Ohio Chapter (ASA) |
| ▸ Member | Painting & Decorating Contractors of America,<br>Central Ohio Chapter (PDCA) |
| ▸ Counsel | Associated Plumbing & Hydronics Contractors<br>of Central Ohio (APHC)<br>(Membership not available to non-plumbers) |
| ▸ Member | Plumbing Heating Cooling Contractors Association<br>Central Ohio Chapter (PHCC) |
| ▸ Member | Air Conditioning Contractors Association,<br>Central Ohio Chapter (ACCA) |
| ▸ Member | Central Ohio Utility Contractors Association |

## PROFESSIONAL PRACTICE & EXPERIENCE

| | |
|---|---|
| ▸ December 1986 to present | Founder and President of Decker, Vonau,<br>Seguin, Lackey & Viets Co., L.P.A.,<br>a legal professional association<br>General Practice of Law/Business Representation<br>Emphasis in construction industry, Mechanics' Lien<br>and real estate related matters |
| ▸ October 1980 | Self Employed to December 1986<br>Mark Decker & Associates<br>Attorneys at Law<br>General Practice of Law<br>Emphasis in construction industry mechanic lien<br>and real estate related matters. |
| ▸ May 1978 | Associate/Employee to October 1980<br>Kelley & Keller Co., L.P.A. |

Mark Decker, Esquire
Curriculum Vitae
Page 3 of 6

                                                Attorneys at Law
                                                General Practice of Law
                                                Emphasis in real estate and construction industry
                                                related collection matters

▸ November 1973                Associate/Employee to May 1978
                                                Kagay, Albert & Diehl
                                                Attorneys at Law
                                                General Practice of Law
                                                Emphasis in real estate, construction industry
                                                and Mechanics' Lien related matters

## EDUCATION

▸ 1970-1973                     Ohio State University College of Law
                                                Graduated Top 10% of Class
                                                Cum Laude
                                                Order of the Coif
                                                Doctor of Jurisprudence

▸ 1966-1970                     Ohio Dominican College
                                                Graduated Cum Laude
                                                Bachelor of Arts in Political Science

▸ 1962-1966                     Bishop Hartley High School
                                                Columbus, Ohio
                                                National Honor Society

## SPEAKING/TEACHING EXPERIENCE/PUBLICATIONS

**Professional Education Systems Institute, LLC**
                                                EauClaire, Wisconsin
                                                Mechanics' Liens and Construction Topics
                                                Faculty Member - 1984 through present
                                                Responsible for preparation of Mechanics' Lien
                                                Portion of Seminar Book and presentation

**Professional Education Systems Institute, LLC**
                                                EauClaire, Wisconsin

Mark Decker, Esquire
Curriculum Vitae
Page 4 of 6

        Ohio Residential Construction: Issues and Answers
        Faculty Member - 2003 through present
        Program Developer – Authored Program Sections

**Builders Exchange of Central Ohio**
        Construction Law Seminar
        1984 through 1990 Faculty Member
        Topic - Ohio Mechanics' Lien Law

        Mechanics' Lien Seminar 1991-present
        Subcontractors and Materialmen

        Ohio Construction Continuing Education Program
        For Ohio License Holders
        Construction Contracts, Claims and Documentation
        August 2004

**Speakers Bureau - Columbus Bar Association**
        Topics - Real Estate Transactions
          Mechanics' Lien Law
          Construction Related Issues and Problems

**Ohio Certificate Renewal**  Construction Law Instructor
        1999 – Present
        Topic – Construction Contracts Related Documents
        Topic – Ohio Mechanics' Liens
        Topic – Alternate Dispute Resolution

*The Credit Manager's Survival Kit*
        Madison, Wisconsin
        Responsible for preparation of Mechanics' Lien
        section for the State of Ohio- 1994 through 2001 Editions

Miscellaneous -      Numerous trade and association presentations and newsletter columns on topics involving Mechanics' Liens and Construction Industry in general.

## LEGISLATION

Mark Decker, Esquire
Curriculum Vitae
Page 5 of 6

| | |
|---|---|
| **1989-Present** | Actively involved with the Ohio legislature and others in the drafting of the modern provisions of the Mechanics' Lien statutes of Ohio. |
| | Actively involved with the Ohio legislature and others in the drafting of Senate Bill 338, the technical amendments bill submitted to correct and clarify the Ohio's Modern Mechanics' Lien Statutes. |
| | Numerous - New Mechanics' Lien Law Presentations to Bar Associations, Builders Organizations, Law firms, Lender's Groups, Title Associations, Material Suppliers, Subcontractors, and others. Authored numerous articles which have appeared in trade magazines and papers explaining and discussing the new Ohio Mechanics' Lien Law - *Ohio Home Builders and Associated General Contractors*. |
| | Testified before numerous Ohio House and Senate committees on legislation involving the construction industry. Supported and testified on behalf of H.B. 491 (Fairness in Construction) which was passed into law during the 2000 session of the Ohio legislature. |
| | Testified before Ohio House committee on civil and commercial legislation involving Mechanics' Liens. Most recently supported and testified on behalf of H.B. 514. |

### EXPERT WITNESS EXPERIENCE

| | |
|---|---|
| 1997 | <u>Dale Senn dba Senn Construction Company v. B.F. Goodrich Company, et al.</u><br>Summit County Common Pleas Court, Summit County, Ohio<br>Case Number: CV 96 09 3515 |
| 1997 | <u>PGI Mechanical Contractors, Inc. v. Theodore Scott, Jr., et al.</u><br>Franklin County Common Pleas Court, Franklin County, Ohio<br>Case Number: 96 CVH 11-8755 |
| 1997 | <u>Shepherd Excavating, Inc. v. Martin Daniele</u><br>U.S Bankruptcy Court Southern District of Ohio<br>Eastern Division<br>Chapter 7 Case No. 95-54903<br>Adversary Proceeding No. 95-0702 |

Mark Decker, Esquire
Curriculum Vitae
Page 6 of 6

| | |
|---|---|
| 1995 | <u>Frederick M. Nichols, et al. vs. Chicago Title Insurance Company, et al.</u><br>Cuyahoga County Common Pleas Court, Cuyahoga County, Ohio<br>Case Number: 227093 |

## REPRESENTATIVE CLIENTS

The firm's clients consist of representatives from the entire construction industry. They include Owner's, Contractor's, Subcontractors and Material Suppliers who build all types of construction projects, for both private and public owners.

## BACKGROUND/PERSONAL

Married/three children
Born July 28, 1948
Eagle Scout

Hobbies:
Reading Military History
and Civil War Era, Wood
Carving, Billiards

## ACTIVITIES

Active in the Simon Kenton Council of the Boy Scouts of America. Member of both the National Eagle Scout Association and the Simon Kenton Council Chapter. Active parishioner of St. Philip the Apostle Roman Catholic Church in Columbus, Ohio.